IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–01526–EWN–BNB

MICHAEL SEDILLOS,
BEA SHEPARD,
ROXANNE RHODES,
JENNIFER WERNER,
CECELIA WALTERS,
and DENVER CLASSROOM TEACHERS ASSOCIATION,

      Plaintiffs,

v.

THE BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 1
  IN THE CITY AND COUNTY OF DENVER,
JERRY WARTGOW,
OFFIE HOBBS, and
JANE AND JOHN DOES 1–7,
in their individual capacities,

      Defendants.

---

## ORDER AND MEMORANDUM OF DECISION

---

    Plaintiffs' federal claims in this case arise under 42 U.S.C. § 1983.  Plaintiffs Michael

Sedillos, Bea Shepard, Roxanne Rhodes, Jennifer Werner, Cecelia Walters, and Denver

Classroom Teachers Association (collectively "Plaintiffs") allege that Defendants Board of

Education of School District # 1 In the City and County of Denver (hereinafter "the Board of

Education"), Jerry Wartgow, Offie Hobbs, and Jane and John Does 1–7, in their individual

capacities (collectively "Defendants") (1) violated section 1983 by retaliating against them for

exercising their First Amendment rights to free speech and association, and (2) breached the

-1-

Plaintiffs' employment contract.  This matter is before the court on "Defendants' Motion to Alter or Amend Judgment," filed September 13, 2005.  Jurisdiction is based on 28 U.S.C. § 1331 (2004).

## FACTS

The facts of this case are set forth in extensive detail in my August 29, 2005 order and memorandum of decision.  (Order and Memorandum of Decision at 2–18 [filed Aug. 29, 2005] [hereinafter "Order"].)  Familiarity therewith is assumed.

On April 8, 2004, Defendants filed a motion for summary judgment.  (Defs.' Mot. for Summ. J.; Br. in Supp. of Mot. for Summ. J. [filed Apr. 8, 2004] [hereinafter "Defs.' Mot. for Summ. J."].)  Defendants argued that Plaintiffs' First Amendment claim fails because (1) Plaintiffs' alleged protected speech did not address matters of public concern; (2) the District had a right to regulate the manner of Plaintiffs' speech; (3) Plaintiffs' speech was not a substantial and motivating factor for their transfer; and (4) Defendants would have transferred Plaintiffs even in the absence of protected speech.  (*Id.* at 4.)  Further, Defendants contended that Defendant Wartgow properly exercised his rights under the contract and Colorado statues.  (*Id.*) Finally, Defendants Wartgow and Hobbs asserted that they were entitled to qualified immunity as to Plaintiffs' First Amendment claims.  (*Id.*)  On June 14, 2004, Plaintiffs filed a response to Defendants' motion for summary judgment.  (Pls.' Resp. to Defs.' Mot. for Summ. J. [filed June 14, 2004].)  On June 21, 2004, Plaintiffs filed a corrected response to Defendants' motion for summary judgment to comply with the court's special instructions.  (Pls.' Corrected Resp. to Defs.' Mot. for Summ. J. [filed June 21, 2004] [hereinafter "Pl.'s Resp. to Defs.' Mot. for Summ. J."].)  On August 4, 2004, Defendants filed a reply in support of their motion for summary

judgment.  (Defs.' Reply Br. in Supp. of Mot. for Summ. J. [filed Aug. 4, 2004] [hereinafter "Defs.' Reply in Supp. of Mot. for Summ. J."].)  On September 17, 2004, Plaintiffs filed a surreply to Defendants' motion for summary judgment.  (Pls.' Surreply on Defs.' Mot. for Summ. J. [filed Sept. 17, 2004].)

On August 29, 2005, I issued a seventy-eight page order and memorandum of decision granting in part and denying in part Defendants' motion for summary judgment.  (Order.)  I determined that Defendants were entitled to summary judgment with respect to Plaintiffs' section 1983 claims based on the First Amendment freedom of association.  (*Id.* at 62–63, 77.)  I determined that Defendants were not entitled to summary judgment with respect to Plaintiffs' section 1983 claims based on the First Amendment freedom of speech, (*id.* at 28–61, 77), and Plaintiff Sedillos', Rhodes', Werner's, and Shepard's breach of contract claim.  (*Id.* at 66–68, 77.)  Finally, I determined that Defendants Wartgow and Hobbs were not entitled to qualified immunity on Plaintiffs' section 1983 claims based on the First Amendment freedom of speech. (Order at 28–66, 77.)

On September 13, 2005, Defendants filed a motion styled, "Defendants' Motion to Alter or Amend Judgment."  (Defs.' Mot. to Alter or Am. J. [filed Sept. 13, 2005] [hereinafter "Def. Hobbs' Br."].)[1]  Defendant Hobbs seeks clarification of the seventy-eight page order I issued on August 29, 2005.  (*Id.* at 2.)  Specifically, Defendant Hobbs asserts that:

[t]he [o]rder states that there are genuine issues of fact regarding when

---

[1]The motion before the court is styled "Defendants' Motion to Alter or Amend Judgment."  (Def. Hobbs' Br.)  Despite the caption, Defendant Hobbs is the only Defendant participating in this motion.  Specifically, Defendant Hobbs stated that he "separate and apart from the other Defendants in this case, hereby requests, . . . that this [c]ourt alter or amend the judgment . . ."  (*Id.* at 1.)

[Defendant] Wartgow made his decision to transfer Plaintiffs and whether [Defendant] Wartgow relied upon Mr. Mooney's July 14, 2003 report.  The [o]rder, however, does not separate [Defendant] Wartgow's decision and authority to transfer the Plaintiffs from [Defendant] Hobbs' recommendations, made some two months earlier, that various North High School personnel be transferred including four of the Plaintiffs.  [Defendant] Hobbs requests that this [c]ourt clarify its [o]rder to state the specific basis upon which the [c]ourt has denied [Defendant] Hobbs' qualified immunity defense.

(*Id.* at 5 [internal citation omitted].)  On September 30, 2005, Plaintiffs filed a response to Defendant Hobbs' motion to alter or amend judgment.  (Pls.' Resp. in Opp'n to Def. Hobbs' Mot. to Alter or Am. J. [filed Sept. 9, 2005] [hereinafter "Pls.' Resp."].)  On October 17, 2005, Defendant Hobbs filed a reply in support of his motion to alter or amend judgement.  (Def. Hobbs' Reply to Pls.' Opp'n to Mot. to Alter or Am. J. [filed Oct. 17, 2005] [hereinafter "Def. Hobbs' Reply"].)

## ANALYSIS

### 1.    *Standard of Review*

From the outset, I note that Defendant Hobbs' motion essentially amounts to a motion for reconsideration of my August 29, 2005 order.  Defendant Hobbs requests I either: (1) reverse my prior ruling and "grant Defendant Hobbs' [m]otion for [s]ummary [j]udgment based on qualified immunity," or (2) "clarify the [c]ourt's [o]rder by specifying the conduct of [Defendant] Hobbs . . ."  (Def. Hobbs' Br. at 6.)  Thus, I evaluate Defendant Hobbs' motion as a motion for reconsideration and through this Order and Memorandum of Decision Defendant Hobbs will undoubtedly receive the clarification he seeks.

"'Although the Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration, these motions are [normally] accepted as the offspring of Fed. R. Civ. P. 59(e)

-4-

which provides that a motion to alter or amend judgment may be entered within ten days after the entry of the judgment.'" *Gregg v. Am. Quasar Petroleum Co.*, 840 F. Supp. 1394, 1401 (D. Colo. 1991) (quoting *Equal Employment Comm'n v. Foothills Title Guar. Co.*, Civ.A. No. 90-A-361, 1991 WL 61012, at *3 [D. Colo. Apr. 12, 1991], *aff'd*, 956 F.2d 277 [10th Cir. 1992]).  A motion to reconsider is only granted under limited circumstances.

> [A] motion to reconsider would be appropriate where, for example, the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension.  A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the [c]ourt.

*United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 [E.D. Va. 1983]), *cert. granted and judgment vacated on other grounds*, 502 U.S. 1 [1991]).  "Such problems rarely arise and the motion to reconsider should be equally rare."  *Above the Belt, Inc.*, 99 F.R.D. at 101.

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than [ten] days after entry of the judgment."  Fed. R. Civ. Proc. 59(e) (2003).  The ten day limitation in Rule 59(e) is to be strictly construed.  *N. Cheyenne Tribe v. Hodel*, 851 F.2d 1152, 1155 (9th Cir. 1988).  Here, Defendant Hobbs timely filed the motion to alter or amend judgment.  (Def. Hobbs' Br.)

**2.       *Defendant Hobbs' Request for Qualified Immunity***

Defendant Hobbs requests this court to "clarify its [o]rder to state the specific basis upon which the [c]ourt has denied [Defendant] Hobbs' qualified immunity."  (*Id.* at 5.)  Defendant Hobbs suggests that my August 29, 2005 order did not "separate [Defendant] Wartgow's

decision and authority to transfer the Plaintiffs from [Defendant] Hobbs' recommendations."
(*Id.*)  Defendant Hobbs' argument is unavailing.

As discussed at length in my August 25, 2005 order, a court evaluating a claim of qualified immunity must complete a two-part inquiry: (1) whether the plaintiff has alleged the deprivation of an actual constitutional right, and (2) whether that right was clearly established at the time of the alleged violation.  *Wilson v. Layne*, 526 U.S. 603, 611 (1999).  I discussed the first prong of the qualified immunity defense *ad nauseam* in my August 29, 2005 order.  (See Order at 28–63.)  I determined that there were genuine issues of fact regarding whether (1) Defendant Hobbs' recommendation to transfer Plaintiffs Sedillos, Shepard, Rhodes, Werner, and Walters was motivated at least in part by Plaintiffs' exercise of their freedom of speech, and (2) Defendant Hobbs participated in the transfer or decision to transfer the aforementioned Plaintiffs. (*Id.* at 59–60.)  In light of the foregoing, I determined that Plaintiffs satisfied the first part of the qualified immunity analysis by adequately demonstrating an alleged deprivation of an actual constitutional right.

Next, I determined that the constitutional right Plaintiffs alleged was clearly established at the time of the alleged violation.  (Order at 63–66.)  "Clearly established" right for purposes of the qualified immunity defense means that:

> [t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).  In determining whether a law was clearly established, a court must rely on the objective reasonableness of an official's conduct as

measured by reference to the currently applicable law. *Harlow v. Fitzgerald*, 457 U.S. 800, 817

(1982). The Tenth Circuit recognizes that "a rule of law determined by a balancing of interests is

inevitably difficult to clearly anticipate." *Melton v. City of Oklahoma City*, 879 F.2d 706, 729

(10th Cir. 1989), *overruled on other grounds*, 928 F.2d 706, 729 (10th Cir. 1991). Nevertheless,

the Tenth Circuit has also noted that "to the extent that courts in analogous (but not necessarily

factually identical) cases have struck the necessary balance, government officials will be deemed

on notice." *Id.* n.36; *see also Prager v. LaFaver*, 180 F.3d 1185, 1191–92 (10th Cir. 1999).

 As stated verbatim in my August 29, 2005 order, the United States Supreme Court and

the Tenth Circuit have determined on countless occasions that a public employer cannot retaliate

against an employee for exercising his or her constitutionally protected right of free speech.

*Rutan v. Republican Party*, 497 U.S. 62, 73 (1990) (employer's denial of a transfer based on

employee's protected belief violates the First Amendment); *Givhan v. W. Line Consol. Sch. Dist.*,

439 U.S. 410, 414–16 (1979) (teacher's complaints and criticism of school policies and practices

communicated privately to principal held protected by First Amendment); *McFall v. Bednar*, 407

F.3d 1081, 1090 (10th Cir. 2005) (government employee could not be terminated for speaking

out on matters of public concern); *Lee v. Nicholl*, 197 F.3d 1291, 1296 (10th Cir. 1999) (public

employees' speech alleging a danger to public health or safety is protected by the First

Amendment); *Prager*, 180 F.3d at 1191–92 (employee's strong interest in disclosing wrongdoing

on behalf of a public employer outweighs unsubstantiated assertions of workplace disruption);

*Johnsen v. Ind. Sch. Dist. No. 3 of Tulsa County, Oklahoma*, 891 F.2d 1485, 1490 (10th Cir.

1989) (public school nurse's speech critical of the school district's medication policy was a

matter of public concern); *Conaway v. Smith*, 853 F.2d 789, 795 (10th Cir. 1988) (employee

memo notifying the county that other employees were not discharging their governmental responsibilities is a matter of public concern).  These decisions are enough to put Defendant Hobbs on notice that the conduct alleged in Plaintiffs' complaint would violate the law.  Accordingly, the law was clearly established in Plaintiffs' favor at the time Defendant Hobbs either participated in the transfer of Plaintiffs or recommended that Plaintiffs be transferred.

Defendant Hobbs contends that this court must "specifically set forth the conduct of each individual Defendant that violates a [p]laintiff's constitutional right."  (Def. Hobbs' Br. at 4.)  In support Defendant Hobbs cites *Grant v. City of Pittsburg*, 98 F.3d 116, 123 (3d Cir. 1996).  The Third Circuit in *Grant* determined that "[w]ith respect to four . . . Defendants . . . the district court announced no findings whatsoever.  We will therefore remand this matter to the district court to reevaluate the . . . Defendants' claims of qualified immunity . . ."  *Id.  Grant* is not applicable here.  As stated above, I made specific findings with respect to Defendant Hobbs' qualified immunity defense.  (Order at 58–63.)  Further, Defendant Hobbs represented to this court in Defendants' motion for summary judgment and Defendants' reply in support of their motion for summary judgment that the qualified immunity analysis for Defendants Hobbs and Wartgow was identical.  (Defs.' Mot. for Summ. J. at 45–47; Defs.' Reply in Supp. of Mot. for Summ. J. at 27–30.)  Thus, to the extent this court's qualified immunity analysis overlaps with respect to Defendants Hobbs and Wartgow, Defendant Hobbs cannot now complain that the analysis should be entirely separate.

### 3.    *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

Defendants' motion to alter or amend judgment (# 124) is DENIED.

Dated this 2nd day of November, 2005.

BY THE COURT:


___ s/ Edward W. Nottingham ___
EDWARD W. NOTTINGHAM
United States District Judge